UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **LINDA ADAMS,**<br><br>   **Plaintiff,**<br><br> v.<br><br>**WAFFLE HOUSE, INC. D/B/A**<br>**WAFFLE HOUSE,**<br><br>   **Defendant.** | **CIVIL ACTION NO. 3:21-cv-00837** |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

  COMES NOW, Linda Adams ("Plaintiff"), complaining of and against Waffle House, Inc. d/b/a Waffle House ("Defendant"), and would respectfully show the Court as follows:

### I.
### PARTIES

  1. Plaintiff, Linda Adams is, and at all times relevant to this action was, an individual residing in Rockwall, County Texas.

  2. Defendant Waffle House Inc. is and all times relevant to this action was, a corporation incorporated under the laws of the State of Georgia, having its principal place of business at 5986 Financial Drive, Norcross, Georgia, 30071. At all times relevant hereto, Defendant Waffle House is and was authorized to do business in the State of Texas and may be served with process by serving its registered agent for service of process at:

Corporation Service Company d/b/a
CSC Lawyers Incorporating Service Company
211 E. 7th Street, Suite 620
Austin, Texas 78701.

## II.
## JURISDICTION AND VENUE

3. Subject matter jurisdiction herein is based upon 28 U.S.C. § 1332(a)(1) in that the amount in controversy exceeds the sum or value of $75,000, exclusive of interests or costs, and Plaintiff and Defendant are citizens of different states. Plaintiff is a resident of the State of Texas and Defendant is a resident of the State of Georgia.

4. Venue is appropriate in the Northern District of Texas under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district, *i.e.* Dallas County, Texas.

## III.
## FACTS

5. This lawsuit arises from injuries sustained in a slip and fall accident that occurred on or about May 11, 2019 at Waffle House located at 1416 N. Interstate 35E, Lancaster, Texas, 75134.

6. Specifically, on or about May 11, 2019, Plaintiff entered the main entrance of Waffle House restaurant. As Plaintiff proceeded to her left to be seated, approximately midway between the entrance and her table (at the west end of the restaurant), Plaintiff suddenly, and without warning, slipped and fell on the tiled floor which had become extremely slick due to the accumulation of moisture (possibly due to humidity, as it was or had been raining) and cooking grease (as the design of Waffle House restaurants is such that there is no enclosed kitchen).

7. Plaintiff was not adequately warned of the danger that existed on the premises (no caution and/or "slippery when wet" signage was posted/displayed at the time of Plaintiff's fall)

and the danger was not obvious to Plaintiff. As a result of the fall, Plaintiff sustained injuries, including but not limited to her left hip, back, neck, and sustained a laceration to her forehead. Plaintiff was taken by ambulance to Baylor University Medical Center (part of Scott and White Health) for evaluation.

8. Defendant was negligent by failing to properly clean and maintain a slick, tile surface, which Defendant knew or reasonably should have known existed at the time of Plaintiff's fall –which caused injuries and damages for which Plaintiff herein complains.

9. At the time of the incident, Plaintiff was an invitee because she entered Waffle House restaurant with the implied invitation of Defendant for the parties' mutual benefit. *See Adam Dante Corp. v. Sharpe*, 483 S.W.2d 452, 454 (Tex. 1972) ("***invitees include patrons of restaurants***, banks, theaters, hotels, motels, and places of amusement.) (emphasis added). At the time of the incident made basis of this lawsuit, Defendant Waffle House held the right to control and supervise the conduct of any agents, servants, representatives, and/or employees acting within the scope of their employment. Moreover, Defendant Waffle House has knowledge that the accumulation of moisture and/or grease on tile floors creates a slick surface which poses an unreasonable risk of harm, which as here, resulted in a slip and fall injury.

10. Defendant failed to adequately warn Plaintiff of the dangerous condition that existed on the premises. In the alternative, Defendant failed to make the condition reasonably safe for Plaintiff, causing Plaintiff to slip and fall on the slick surface. As a direct result of Defendant's negligence, Plaintiff suffered injuries.

## IV.
## PREMISES LIABILITY CLAIM AGAINST DEFENDANT WAFFLE HOUSE

11. Plaintiff re-alleges and incorporates by reference herein the allegations of paragraphs 1 through 10 above.

12. At all material times hereto, Defendant was the owner of the premises at Waffle

House, Waffle House located at 1416 N. Interstate 35E, Lancaster, Texas, 75134. Plaintiff was a business patron of Defendant. Plaintiff entered Defendant's premises in response to Defendant's invitation and for the parties' mutual benefit, *i.e.*, Plaintiff's intent to purchase goods/food from Defendant.

13. A condition on Defendant's premises posed an unreasonable risk of harm, *i.e.*, the accumulation of moisture and grease on the tile floor which created a slick surface.

14. This dangerous condition existed despite the fact that Defendant knew, or reasonably should have known, that the accumulation of moisture and grease on the tile floor created a slick surface and posed an unreasonable risk of harm, thus there was a likelihood of a person being injured as did occur and happened to Plaintiff.

15. Defendant had a duty to use ordinary care to ensure that the premises did not present a danger to Plaintiff. This duty includes the duty to keep the premises in a reasonably safe condition, inspect the premises to discover latent defects, and to make safe any defects or give adequate warning of any dangers. Defendant breached the duty of ordinary care by:

   a. Failing to properly inspect and maintain the floor in question to discover the dangerous condition;

   b. Failing to maintain the floor in a reasonably safe condition;

   c. Failing to give adequate and understandable warnings to Plaintiff of the unsafe condition of the floor;

   d. Failing to give warnings to Plaintiff of the unsafe condition;

   e. Failing to discover and make safe the floor within a reasonable time;

   f. Failing to make the defective condition of the premises safe for use and walking; and

   g. Failing to act as a reasonably prudent person would have done under the same or similar circumstances.

16. Defendant's breach of duty proximately caused injury to Plaintiff, which resulted in the damages detailed in the damages section below.

17. Plaintiff seeks damages within the jurisdictional limits of this Court.

## V.
## NEGLIGENCE CLAIM AGAINST DEFENDANT WAFFLE HOUSE

18. Plaintiff re-alleges and incorporates by reference herein the allegations of paragraphs 1 through 17 above.

19. At all material times hereto, Defendant was the owner of the premises at Waffle House, Waffle House located at 1416 N. Interstate 35E, Lancaster, Texas, 75134.

20. Defendant owed Plaintiff a duty to exercise ordinary care to keep the premises in reasonably safe condition and repair any defects or give an adequate warning of any dangers.

21. Defendant breached the duty to Plaintiff by negligently permitting the accumulation of moisture and grease on the tile floor which created a slick surface and posed an unreasonable risk of harm.

22. Defendant's beach of duty proximately caused injury to Plaintiff, which resulted in the damages set forth below.

23. Plaintiff seeks damages within the jurisdictional limits of this Court.

## VI.
## VICARIOUS LIABILITY – RESPONDEAT SUPERIOR CLAIM
## AGAINST DEFENDANT WAFFLE HOUSE

24. Plaintiff re-alleges and incorporates by reference herein the allegations of paragraphs 1 through 23 above.

25. Defendant Waffle House is liable for the acts and omissions of its employees while in the course and scope of their employment under the theory of respondeat superior. On the occasion in question, Defendant's employees were negligent by allowing water and/or

grease accumulate and stay on the floor in the Waffle House restaurant.

26. This act and omission, singularly or in combination with others, constituted negligence, negligence per se, and gross negligence, which proximately causes the injuries which Plaintiff suffered.

27. At all times mentioned herein, Plaintiff was an invitee when Plaintiff slipped and suffered injuries. Plaintiff's status as an invitee, as the term is defined, was established by the fact that Plaintiff entered Waffle House with Defendant's implied knowledge and for the parties' mutual benefit. *See Id*. As such, Defendant owed Plaintiff a duty of ordinary care to protect Plaintiff from any known danger that existed on the premises. Defendant breached that duty of ordinary care by both failing to adequately warn Plaintiff of any dangerous conditions, and by failing to keep the premises reasonably safe.

28. Moreover, at all material times relevant hereto, Defendant's employees were acting in the course and scope of their employment for Defendant, Waffle House. As such, Defendant is liable for the negligence of its employees in the occasion in question.

29. Plaintiff seeks damages within the jurisdictional limits of this Court.

## VII.
## DAMAGES

30. Plaintiff re-alleges and incorporates by reference herein the allegations of paragraphs 1 through 29 above.

31. As a direct and proximate result of Defendant's negligent, careless, and/or reckless conduct, Plaintiff suffered personal injuries, pain, suffering, mental anguish, physical impairment, and a diminished capacity to pursue normal activities. Plaintiff's pain and suffering has continued since the date of the accident and will, in all probability, continue into the future.

32. As a result of the bodily injuries sustained, Plaintiff incurred reasonable and necessary doctor and medical expenses for related medical care and attention. There is also a probability that Plaintiff will incur additional reasonable expenses in the future for necessary medical care and attention in an amount unknown at this time.

33. Due to Defendant's negligence, Plaintiffs suffered injuries and are seeking compensation for the following:

   a. actual medical bills incurred by Plaintiff for which treatment was necessary and for which the amount was reasonable for the types of services in the county Plaintiff was treated;

   b. medical care expenses that, in reasonable probability, Plaintiff will sustain in the future;

   c. physical pain and mental anguish sustained in the past found to be reasonable and just by the trier of fact;

   d. physical pain and mental anguish that, in reasonable probability, Plaintiff will sustain in the future as determined by the trier of fact;

   e. physical impairment sustained in the past as determined by the trier of fact;

   f. physical impairment that, in reasonable probability, Plaintiff will sustain in the future as determined by the trier of fact;

   g. pre/post judgment interest; and

   h. court costs.

## IX.
## PRAYER

Plaintiff respectfully requests that Defendant be cited to appear and answer, and that on final trial, Plaintiff be awarded judgment against Defendant for the following damages:

   a. medical care expenses sustained in the past;

   b. medical care expenses that, in reasonable probability, Plaintiffs will sustain in the future;

   c. physical pain and mental anguish sustained in the past;

    d.    physical pain and mental anguish that, in reasonable probability, Plaintiffs will sustain in the future;

    e.    physical impairment sustained in the past;

    f.    physical impairment that, in reasonable probability, Plaintiffs will sustain in the future;

    g.    pre/post judgment interest;

    h.    court costs; and

    i.    for such other and further relief, at law or equity, to which Plaintiff will be justly entitled.

Respectfully submitted,

/s/ Taylor P. Adams
**Jonathan E. Rawlins**
Texas Bar No. 24079184
Email: jrawlins@rawfirm.com
**Taylor P. Adams**
Texas Bar No. 24096595
Email: tadams@rawfirm.com

**RAWLINS LAW FIRM, LLC**
12801 N. Central Expy, Ste. 360
Dallas, Texas 75243
Telephone #: 972-372-0766
Fax #: 972-372-0765
E-Service: service@rawfirm.com

COUNSEL FOR PLAINTIFF